IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELVIN DEES,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RICHARD MORGANTHALER,<br>KIMBERLY HVARRE,<br>DEBBIE ISAACS,<br>MRS. SMITH,<br>JOHN DOE 1, and<br>JOHN DOE 2,<br><br>　　　　　　Defendants. | Case No. 23-cv-03359-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Kelvin Dees, currently housed at the Big Muddy River Correctional Center, commenced this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights and pursuant to the Americans with Disabilities Act and the Rehabilitation Act. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE FIRST AMENDED COMPLAINT

Plaintiff alleges that he was released from Illinois Department of Correction's custody on December 21, 2022. (Doc. 14, p. 4). Upon his release, he was not provided with his Zoloft medication, a link card for food, and an expedited application for a medical card. (*Id.* at p. 4-5). The transportation officer, John Doe 2, did not drive Plaintiff to his approved parole site, a halfway

house, but instead dropped him off in the parking lot of a police station close to the house. (*Id.* at p. 6). Plaintiff was unfamiliar with the area, and without his medication, he became frustrated and confused. While trying to find his parole site, Plaintiff was robbed at gun point triggering his PTSD. Plaintiff returned to the police station, reported the crime, and a police officer drove him to his parole site. (*Id.*).

Without a medical card and no supply of medication, Plaintiff's mental health deteriorated. (Doc. 14, p. 6). He suffered from extremely high anxiety and paranoia. Plaintiff was arrested on new charges and a parole violation on March 23, 2023. He asserts that he was set up to fail upon his release because Defendants did not properly equipe him with his medication and a medical card, which ultimately resulted in his arrest. (*Id.*).

## DISCUSSION

Based on the allegations of the First Amended Complaint and Plaintiff's articulation of his claims, the Court finds it convenient to designate the following counts:

| | |
|---|---|
| **Count 1:** | Eighth Amendment claim against Hvarre and Isaacs for denial of adequate medical care. |
| **Count 2:** | Eighth Amendment claim against Morganthaler and Smith for subjecting Plaintiff to cruel and unusual punishment by failing to ensure he was equipped with his medication, medical card application, and link card upon release from IDOC custody. |
| **Count 3:** | Eighth Amendment claim against John Doe 1 and John Doe 2 for failing to ensure that Plaintiff was safely transported to his parole site. |
| **Count 4:** | ADA/RA claim against Defendants for neglecting to provide Plaintiff a supply of his medication upon release from IDOC custody and safe transportation to his approved parole site. |

The parties will use these designations in all future pleadings and orders, unless otherwise directed by the Court. **Any claims that are not identified above should be considered dismissed**

**without prejudice as inadequately pled under *Twombly*.**[1]

### Counts 1 and 2

Although Plaintiff wanted Defendants to supply him with a link card, an application for a medical card, and a supply of his medication, their failure to do so does not rise to the level of a constitutional violation. *See Mitchell v. Kallas,* 895 F. 3d 492, 496 (7th Cir. 2018) (the duty to provide inmates with medical care "ends when imprisonment does"); *Sarauer v. Frank,* No. 04-c-273-C, 2004 WL 2324981, at *15 (W.D. Wisc. Oct. 6, 2004) (citing *DeShaney v. Winnebago Cnty. Soc. Serv. Dep't*, 489 U.S. 189, 200 (1988) ("the State does not become the permanent guarantor of an individual's safety by having once offered him shelter"); *Braxton v. Kaphingst,* No. 17-cv-1072-pp, 2020 WL 4500446, at *2 (E.D. Wisc. Aug. 5, 2020) (observing that only "one circuit, the Ninth Circuit, has affirmatively held that jail officials retain the duty to provide medical care to an out-going inmate") (collecting cases).

To the extent, however, that denial of a link card, an application for a medical card, and supply of his medication did violate the Eighth Amendment, Plaintiff has not sufficiently pled facts from which the Court can infer that the Defendants were personally involved in the constitutional deprivation or that they acted with deliberate indifference. Plaintiff asserts that Warden Morganthaler, as the chief administrator, was responsible for the daily operations of the institution and had a duty to ensure employees adhered to proper checks and balances. (Doc. 14, p. 2, 5). He states that Assistant Warden Hvarre and Health Care Administrator Isaacs had a duty to not allow him to be released without medication, and link card, and an expedited medical card. (*Id.* at p. 5). Finally, Plaintiff claims that Counselor Smith "failed to provide [him] with his Zoloft, a link card, and an expedited application for a medical card. As her duties encompass."

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

These allegations are conclusory, and there is nothing suggesting that any of the Defendants were personally involved in Plaintiff's discharge and the decision not to give him required resources prior to his release. *See Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) ("Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly."). Nor can Court to infer from the First Amended Complaint that the Defendants had knowledge of a serious risk harm and disregarded that risk. The allegations plead that the acts or omissions by Defendants breached a duty owed to Plaintiff, which is an element of a negligence claim, and negligence does not violate the Eighth Amendment. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020). Accordingly, Counts 1 and 2 are dismissed.

### Count 3

Plaintiff claims that John Does 1 and 2 violated the Eighth Amendment by failing to ensure he was safely transported to his parole site. (Doc. 14, p. 9). But there is no constitutional right to transportation upon release from custody. As such, Plaintiff has failed to allege a cognizable claim for relief under Section 1983, and Count 3 is dismissed with prejudice. *See Bonneau v. Tualatin Police Dep't,* No. 11-cv-00341-AA, 2013 WL 1131009 at *3 (D. Or., Mar. 12, 2013) (holding that defendants did not violate a pretrial detainee's First Amendment right when he was released on bail without transportation).

### Count 4

The Court dismisses Plaintiff's claims asserted under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). Plaintiff states that because Defendants failed to provide

him with a supply of his medication and "safe passage to his parole site," Defendants violated the ADA and RA. (Doc. 14, p. 9-10).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, Section 504 of the Rehabilitation Act prohibits any agency that receives federal funds from excluding, subjecting to discrimination, or denying the benefits of any of their programs to otherwise qualified individuals with disabilities. 29 U.S.C. § 794(a). Failure to make reasonable accommodations to ensure participation in the public entity's programs or services by a person with a disability qualifies as "discrimination." 42 U.S.C. § 12112(b)(5)(A). The ADA and RA are not, however, violated "by a prison's simply failing to attend to the medical needs of its disabled prisoners." *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996). "A claim for inadequate medical treatment is not actionable" under the ADA or RA. *Bilik v. Shearing,* No. 16-cv-821-NJR, 2020 WL 64626, at *10 (S.D. Ill. Jan. 7, 2020) (citing *Bryant,* 84 F. 3d at 249; *Johnson v. Redmond*, No. 17 C 50210, 2017 WL 6813706, at *2 (N.D. Ill. Oct. 30, 2017); *Wilson v. Murphy,* No. 14-CV-222-BBC, 2016 WL 1248993, at *6 (W.D. Wis. Mar. 29, 2016)).

In the First Amended Complaint, Plaintiff does not allege he was discriminated against, nor does he claim that he was denied medication and adequate transportation *because* of his disability. He is simply arguing that Defendants violated the ADA and the RA by not providing him a supply of medication to take with him upon his release and by not driving him all the way to his halfway. Accordingly, Plaintiff has failed to state a claim under the ADA and RA, and these claims are dismissed.

Because there are no claims that survive preliminary review, the First Amended Complaint

is dismissed. The Court has already given Plaintiff an opportunity to replead his claims, and he has again failed to state a claim upon which relief could be granted. At this point, the Court does not believe that additional allegations would cure the defects of his claims and finds that any further amendment would be futile. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Therefore, the First Amended Complaint and this entire case will be dismissed with prejudice for failure to state a claim upon which relief can sought.

Plaintiff's motion to proceed *in forma pauperis* (IFP) is **DENIED** as moot. (Doc. 15). Plaintiff has already been granted leave to proceed IFP, and an initial partial filing fee was assessed. (*See* Doc. 8). Because the case will be dismissed and closed, the motion for recruitment of counsel is also **DENIED** as moot. (Doc. 16).

## DISPOSITION

For the reasons stated above, the First Amended Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 22, 2024**

                                                *s/Stephen P. McGlynn*
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**